# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIMBERLY HERRING** | **CIVIL ACTION** |
| VERSUS | NO. 17-8677 |
| **PATTERSON STRUCTURAL MOVING AND SHORING, LLC AND XYZ INSURANCE COMPANY** | SECTION "S" |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #7) is **DENIED**.

## BACKGROUND

This matter is before the court on a motion to remand filed by plaintiff, Kimberly Herring. Herring argues that this matter should be remanded to the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana because defendant, Patterson Structural Moving and Shoring, LLC, did not adequately demonstrate that it not a citizen of Louisiana.

Herring filed this action against Patterson Structural in the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana asserting Louisiana state law claims against Patterson Structural related to allegedly faulty renovations and repairs to her home. The state court petition alleges that Herring's damages exceed $75,000.

Patterson Structural removed this suit to the United States District Court for the Eastern District of Louisiana alleging that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332. Patterson Structural alleges that complete diversity exists. Herring is a citizen of Louisiana. Patterson Structural's sole member is 120 West Partners, LLC. 120 West Partners's members are citizens of California and Arizona. Specifically, Patterson Structural alleges that 120 West Partners's members are Michael Shatz, who is a citizen of California; Leroy Brockbank, who

is a citizen of California; and, James Sellers, who is a citizen of Arizona. Further, Patterson Structural alleges that the face of the petition states that Herring's damages exceed the jurisdictional minimum amount of $75,000 in controversy.

Herring filed the instant motion to remand arguing that complete diversity does not exist because Sellers is actually a citizen of Louisiana, not Arizona. Herring argues that on Patterson Structural's filings with the Louisiana Secretary of State's office, Sellers is listed as Patterson Structural's agent for service of process and a Louisiana address is provided for Sellers. Herring also argues that on 120 West Partners's filings with the Louisiana Secretary of State's office, Sellers's Arizona address "appears to be a business address." Herring argues that because the filings have two different addresses for Sellers the ambiguity should be construed in Herring's favor and this court should find that complete diversity is lacking and remand this matter to the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana.

Patterson Structural opposes the motion arguing that Sellers is indeed a citizen of Arizona. In his affidavit, Sellers swears that his home address is in Tuscon, Arizona; he maintains an Arizona drivers' license; his personal vehicle is registered in Arizona; and, he is registered to vote in Arizona. Sellers also states that the Louisiana address listed for him on Patterson Structural's filing with the Louisiana Secretary of State's office is a business address for the company. Relying on Sellers's affidavit, Patterson Structural contends that complete diversity exists and the motion to remand should be denied.

## ANALYSIS

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." In assessing whether removal is appropriate, the court is

guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000). The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993).

Patterson Structural alleges that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and are between citizens of different States. Herring is a citizen of Louisiana and she has admitted in her state court petition that the jurisdictional minimum is met. Patterson Structural is a limited liability company. A limited liability company's citizenship is determined by the citizenship of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008). 120 West Parners is the sole member of Patterson Structural. The members of 120 West Partners are Shatz and Brockbank, who are citizens of California, and Sellers. Herring contends that Sellers is a citizen of Louisiana, not Arizona as stated in the Notice of Removal.

When considering a party's citizenship for the purpose of diversity subject matter jurisdiction, the party's domicile is the key. Combee v. Shell Oil Co., 615 F.2d 698, 700 (5th Cir. 1980). "A party's residence in a state alone does not establish domicile." Preston v. Tenet Healthsystem Mem'l Med. Ctr., 485 F.3d 793, 798 (5th Cir. 2007). Rather, domicile requires residence in the state and an intent to remain there. Id. "An allegation of residence is not sufficient for diversity jurisdiction purposes; instead, a plaintiff must allege citizenship to satisfy the

3

requirements of § 1332(a)." Monardes v. Ayub, 339 Fed. Appx. 369 (5th Cir. 2009). The court can determine jurisdictional matters by examining the pleadings and evidence in the record, such as affidavits. Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).

In his affidavit, Sellers swears that he is a citizen of Arizona, where he maintains his residence, drivers' license, personal vehicle and voter registration. There is no indication in the record that Sellers has abandoned his Arizona domicile in favor of Louisiana. Simply listing a business address in Louisiana on a filing with the Louisiana Secretary of State's office does not equate to Sellers's attaining Louisiana citizenship. Therefore, complete diversity exists and the motion to remand is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #7) is **DENIED**.

New Orleans, Louisiana, this __2nd__ day of November, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**