# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIMBERLY HERRING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-8677** |
| **PATTERSON STRUCTURAL MOVING AND SHORING, LLC AND XYZ INSURANCE COMPANY** | **SECTION "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Expedited Consideration of Plaintiff's Motion for Continuance of the Hearing on Patterson Structural Moving and Shoring, LLC's Motion to Dismiss or Alternatively Motion to Compel Arbitration Set for Hearing on December 6, 2017 (Doc. #16) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Continuance of the Hearing on Patterson Structural Moving and Shoring, LLC's Motion to Dismiss or Alternatively Motion to Compel Arbitration Set for Hearing on December 6, 2017 (Doc. #16) is **DENIED**.

**IT IS FURTHER ORDERED** that Patterson Structural Moving and Shoring, LLC's Motion to Compel Arbitration (Doc. #11) is **GRANTED**. This matter is hereby **STAYED** pending the arbitration.

## BACKGROUND

This matter is before the court on a motion to compel arbitration filed by defendant, Patterson Structural Moving and Shoring, LLC. Patterson argues that the parties' contract contains

a binding arbitration clause and plaintiff, Kimberly Herring, should be ordered to pursue her claims

against Patterson in arbitration.[1]

On July 28, 2011, Herring and Patterson entered into a contract under which Patterson was

to raise, renovate and repair Herring's home. Paragraph 8 of the standard form contract prepared

by Patterson stated:

> **8. DISPUTES:** Any disputes relating to this Agreement, other than
> the collection of amount[s] owed hereunder or collection or any
> check issued with insufficient funds, shall be referred to binding
> arbitration to be held in New Orleans, Louisiana in accord with
> the Fast Track procedures of the Construction Industry Dispute
> Resolution Procedures of the American Arbitration Association,
> regardless of the amount in dispute. Any award rendered by an
> arbitrator in accord with this provision is binding and may
> include attorneys' fees and cots and be enforced by any court of
> competent jurisdiction.

Herring filed this action against Patterson Structural in the Twenty-Fourth Judicial District

Court, Parish of Jefferson, State of Louisiana asserting Louisiana state-law claims against

Patterson related to allegedly faulty renovations and repairs to her home. Patterson removed this

suit to the United States District Court for the Eastern District of Louisiana alleging that this court

has diversity subject matter jurisdiction under 28 U.S.C. § 1332. Patterson filed the instant motion

to compel arbitration seeking to enforce the contractual arbitration clause. Herring argues that the

arbitration clause is unenforceable because it is adhesionary.

---

[1] Patterson also moved to dismiss Herring's claims as perempted. Herring filed a motion for leave to
amend her complaint to address Patterson's peremption argument (Doc. #13). On December 20, 2017, the
United States Magistrate Judge granted Herring's motion for leave to file her amended complaint (Doc.
#26). Herring also filed a motion to continue Patterson's motion to dismiss arguing that her motion for
leave to amend should be resolved first (Doc. #16). Because Herring's motion for leave has been resolved,
her motion to continue is DENIED AS MOOT.

## ANALYSIS

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, "embodies the national policy favoring arbitration." Buckeye Check Cashing, Inc. v. Cardegna, 126 S.Ct. 1204, 1207 (2006). The FAA provides that an arbitration agreement is "valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A party to an arbitration agreement "may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." Id. at § 4. "Upon being satisfied that the issue involved in [a] suit or proceeding is referable to arbitration under such an agreement, [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Id. at § 3.

The court applies a two-step analysis to determine whether a party may be compelled to arbitrate. Sherer v. Green Tree Servicing LLC, 548 F.3d 379, 381 (5th Cir. 2008) (citation omitted). First, the court asks if the party has agreed to arbitrate the dispute. Id. If so, the court asks if "any federal statute or policy renders the claims nonarbitrable." Id. (quoting Wash. Mut. Fin Grp., LLC v. Bailey, 364 F.3d 260, 263 (5th Cir. 2004)).

## I.      Agreement to Arbitrate the Dispute

The first step, ascertaining if there is an agreement to arbitration, involves two questions. Klein v. Nabors Drilling USA L.P., 710 F.3d 234, 236 (5th Cir. 2013). First, the court must determine if there is a valid agreement to arbitrate the claims. Id. Second, the court must decide if the dispute in question falls within the scope of that arbitration agreement. Id.

## A.      Valid Agreement to Arbitrate the Claims

"Because arbitration is simply a matter of contract between the parties, the strong federal policy favoring arbitration does not apply to the initial determination of whether there is a valid agreement to arbitrate." Id. (citations and quotations omitted). Rather, state-law contract principles govern the inquiry of whether there is a valid agreement to arbitrate the claims. Id. (citation omitted).

Under Louisiana law, the formation of a valid contract requires: (1) capacity to contract; (2) mutual consent; (3) a certain object; and, (4) a lawful purpose. La. Civ. Code arts. 1918, 1927, 1966 and 1971. Herring argues that she did not truly consent to the arbitration agreement because it is adhesionary.

An adhesionary contract "is a standard contract, usually in printed form, prepared by a party of superior bargaining power for adherence or rejection of the weaker party. Often in small print, these contracts sometime raise a question as to whether or not the weaker party actually consented to the terms." Aguillard v. Action Mgmt. Corp., 908 So.2d 1, 10 (La. 2005). To determine whether an arbitration clause is adhesionary the court considers: (1) "the physical characteristic of the arbitration clause"; (2) "the distinguishing features of the arbitration clause"; (3) "the mutuality of the arbitration clause"; and, (4) "the relative bargaining strength of the parties." Duhon v. Activelaf, LLC, - - - So.3d - - -, 2016 WL 6123820, at *4 (La. 10/19/2016) (citing Aguillard, 908 So.2d at 16). "[T]he real issue in a contract of adhesion analysis is not the standard form of the contract, but rather whether a party truly consented to all the printed terms." Aguillard, 908 So.2d at 10. "[I]f [the standard form contract] does not call into question the non-drafting party's consent and if it is not demonstrated that the non-drafting party did not consent or his consent is vitiated by error, the contract is not a contract of adhesion." Id. at 11. The party

seeking to invalidate the contract as adhesionary bears the burden of demonstrating that the non-drafting party did not consent to the terms or his consent was vitiated by error. Id. at 10.

Herring has not demonstrated that the arbitration clause of the contract was adhesionary. As to the physical characteristics and distinguishing features, the arbitration clause is in the same size font as all of the other text and is contained in a separate numbered paragraph titled "DISPUTES." It is not hidden in a large paragraph covering other topics or printed in a smaller font than the rest of the contract. The arbitration clause is mutual because it requires both parties to refer any disputes regarding the contract, except for collections issues, to arbitration. Finally, Patterson was not in a superior bargaining position. Although Herring argues that she was "handicapped" and Patterson offered warranties, there is no reason that she could not have found another contractor to do the work on her house and negotiated warranties with another contractor. There was nothing forcing her to sign with Patterson to do the work on her house. Thus, the arbitration clause is not adhesionary, and is valid and enforceable.

**B.      Dispute Falls within the Scope of the Arbitration Agreement**

With respect to whether a dispute falls within the scope of an arbitration agreement, the court applies the strong federal policy in favor of arbitration and "any disputes concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 103 S.Ct. 927, 941 (1983). "[A]rbitration should not be denied unless it can be said with positive assurance that [the] arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." Safer v. Nelson Fin. Grp., Inc., 422 F.3d 289, 294 (5th Cir. 2005) (quotation omitted).

The United States Court of Appeals for the Fifth Circuit distinguishes between broad and narrow arbitration clauses:

> If the clause is broad, the action should be stayed and the arbitrators permitted to decide whether the dispute falls within the clause. On the other hand, if the clause is narrow, the matter should not be referred to arbitration or the action stayed, unless the court determines that the dispute falls within the clause.

Complaint of Hornbeck Offshore (1984) Corp., 981 F.2d 752, 754 (5th Cir. 1993). "A broad arbitration agreement is capable of expansive reach, intended to cover all aspect of the relationship [such that] a dispute then need only touch matters covered by the agreement in order to compel arbitration." Grant v. Houser, 469 Fed.Appx. 310, 315-16 (5th Cir. 2012) (quotations omitted). An arbitration agreement stating that it applies to "any dispute" between the parties is broad. Id. at 316.

The arbitration agreement at issue herein is broad. It states that it applies to any dispute, except collections proceedings brought by Patterson. This suit involves claims of deficient work brought by Herring. Thus, Herring's claims fall within the scope of the broad arbitration agreement.

## II.     Federal Statute or Policy Rendering the Claims Nonarbitrable

The parties have not cited any federal statute or policy rendering the claims nonarbitrable. Indeed, as referenced in the contract at issue, the American Arbitration Association has fast track procedures for the construction industry. Therefore, Herring's claims fall within the scope of a valid arbitration agreement and must be referred to arbitration.

**CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Expedited Consideration of Plaintiff's Motion for Continuance of the Hearing on Patterson Structural Moving and Shoring,

LLC's Motion to Dismiss or Alternatively Motion to Compel Arbitration Set for Hearing on December 6, 2017 (Doc. #16) is **DENIED**.

        **IT IS FURTHER ORDERED** that Plaintiff's Motion for Continuance of the Hearing on Patterson Structural Moving and Shoring, LLC's Motion to Dismiss or Alternatively Motion to Compel Arbitration Set for Hearing on December 6, 2017 (Doc. #16) is **DENIED**.

        **IT IS FURTHER ORDERED** that Patterson Structural Moving and Shoring, LLC's Motion to Compel Arbitration (Doc. #11) is **GRANTED**.  This matter is hereby **STAYED** pending the arbitration.

New Orleans, Louisiana, this  21st  day of December, 2017.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

7